UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AGNES XIAOHONG XIE,

                Plaintiff,

-v-

CARUSO, SPILLANE, LEIGHTON, CONSTRASTANO, SAVINO & Mollar, P.C., DANIEL J. SAVINO, JR. ESQ., and VALERIE MALLOY, ESQ.,

                Defendants.

CIVIL ACTION NO. 18 Civ. 12092 (JPO) (SLC)

**ORDER FOR LIMITED APPEARANCE**
**OF PRO BONO COUNSEL**

**SARAH L. CAVE**, United States Magistrate Judge.

    Pro se Plaintiff Agnes Xie ("Ms. Xie") has requested the appointment of pro bono counsel for the purpose of settlement, in connection with an anticipated settlement conference before the undersigned in late October 2024 (the "Request"). The Request is GRANTED, and the Court requests that the Clerk of Court seek pro bono counsel to enter a limited appearance for Ms. Xie for the purpose of settlement. Counsel shall file a Notice of Limited Appearance as Pro Bono Counsel.

    Ms. Xie filed this action against Defendants Caruso, Spillane, Leighton, Contrastano, Savino & Mollar, P.C., Daniel J. Savino, Jr., Esq., and Valerie Marie de PeppoMalloy, Esq., asserting claims for state-law legal malpractice, breach of contract, breach of the implied covenant of good faith and fair dealing, breach of fiduciary duty, and fraud relating to Defendants' representation of Ms. Xie before the New York State Workers' Compensation Board. (See ECF No. No. 28). In March 2019, the parties commenced discovery, which was delayed due to, inter alia, to the Covid-19 pandemic. In January 2021, the parties reported to the Court that they had reached a settlement in principle, and the Honorable J. Paul Oetken dismissed the case without prejudice to reopening. (ECF Nos. 45–47). In September 2021, at Ms. Xie's request, Judge Oetken

reopened the case. (ECF No. 77). In September 2022, Judge Oetken denied Defendants request to enforce the parties' settlement in principle finding that the Defendants had failed to establish the existence of a binding agreement. (ECF No. 93). The parties are now engaged in discovery on Plaintiff's claims. Pursuant to the operative case management plan, fact discovery closes on October 15, 2024 and expert discovery closes on December 16, 2024. (ECF No. 116). The parties are amenable to participating in a settlement conference, and the Court agrees that the assistance of limited scope counsel may increase the possibility of reaching an agreement.

Under the Court's Standing Order regarding the Creation and Administration of the Pro Bono Fund (16-MC-0078), pro bono counsel may apply to the Court for reimbursement of certain out-of-pocket expenses spent in furtherance of a pro se litigant's case. The Pro Bono Fund is especially intended for attorneys for whom pro bono service is a financial hardship. See https://nysd.uscourts.gov/forms/pro-bono-fund-order.

Pro bono counsel will not be obligated for any aspect of the Ms. Xie's representation beyond a settlement conference with the Court. Pro bono counsel will not be required to respond to a dispositive motion. Absent an expansion of the scope of pro bono counsel's representation, pro bono counsel's representation of Ms. Xie will end following completion of the settlement conference.

On the filing by pro bono counsel of a Notice of Completion, pro bono counsel's representation of Ms. Xie in this matter will terminate, and pro bono counsel will have no further obligations or responsibilities to Ms. Xie or to the Court in this matter.

For the foregoing reasons, the Clerk of Court is directed to attempt to locate pro bono counsel to represent Ms. Xie for the limited purpose of settlement. The Court advises Ms. Xie

that there are no funds to retain counsel in civil cases and the Court relies on volunteers. Due to a scarcity of volunteer attorneys, some time may pass before a volunteer is located. There is no guarantee, however, that a volunteer attorney will decide to take the case, and if the Clerk of Court is unable to locate counsel, Ms. Xie must appear without counsel at the settlement conference.

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff.

Dated:    New York, New York
          August 9, 2024

SO ORDERED.

_____
**SARAH L. CAVE**
**United States Magistrate Judge**