UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AGNES XIAOHONG XIE,
Plaintiff,

-v-

CARUSO, SPILLANE, LEIGHTON, CONTRASTANO, SAVINO & MOLLAR, P.C., *et al.*,
Defendants.

18-CV-12092 (JPO)

MEMORANDUM AND ORDER

J. PAUL OETKEN, District Judge:

Plaintiff Agnes Xie commenced this action against Defendants Caruso, Spillane, Leighton, Contrastano, Savino, & Mollar, P.C., Daniel J. Savino, Jr., Esq., and Valerie Malloy, Esq. (collectively, "Defendants") in 2018, asserting various claims arising out of Defendants' representation of Xie before the New York State Workers' Compensation Board. (ECF No. 28.) Now before the Court is Xie's motion for reconsideration of the Court's August 17, 2026 opinion and order. (*See* ECF Nos. 197, 199.) For the reasons that follow, Xie's motion for reconsideration is denied.

## I. Background

The Court assumes familiarity with the factual and procedural background of this case as set forth in its August 17, 2026 opinion and order and recites that background only insofar as it is relevant to the pending motion. (*See generally* ECF No. 197.)

On January 25, 2021, Xie's former counsel, Andrew Lavoott Bluestone, informed the Court that the parties had reached a settlement in principle. (ECF No. 45.) The following day, the Court issued an order dismissing the case without prejudice, subject to reopening within thirty days upon an application from either party. (ECF No. 47.) Subsequently, efforts to finalize a written settlement agreement stalled over Xie's insistence that the agreement include

language that she would incur no tax liability for the settlement proceeds. *See Xie v. Caruso, Spillane, Leighton, Contrastano, Savino & Mollar, P.C.*, 632 F. Supp. 3d 262, 266 (S.D.N.Y. 2022). The Court extended the deadline for reopening the case to May 3, 2021. (*See* ECF minute entry for 4/1/2021.) On May 5, 2021, Defendants rejected the changes in the parties' fourth proposed draft due to several new provisions proposed by Xie that related to her tax liability. *See Xie*, 632 F. Supp. 3d at 266. Xie directed Bluestone multiple times via email to move for another extension of the deadline to reopen the case, but Bluestone declined, stating that her "position on language in the settlement agreement is frivolous and contrary to what the Judge told [her] was the norm or the acceptable language." (ECF No. 68 at 9.) On May 6, 2021, Xie terminated Bluestone as her counsel. (*Id.* at 7.) On May 8, 2021, Bluestone moved to enforce a charging lien under New York Judiciary Law § 475. (*See* ECF No. 59.)

The Court granted Bluestone's request for a charging lien in its August 17, 2026 opinion and order. (*See* ECF No. 197 at 13-16.) On August 31, 2026, Xie moved for reconsideration of the opinion and order only as to its disposition of Bluestone's request for a charging lien. (ECF No. 199 ("Mem.").) Bluestone opposed the motion on September 1, 2026 (ECF No. 200 ("Opp.")), and Xie filed her reply on September 8, 2026 (ECF No. 203 ("Reply")).

## II. Legal Standard

Motions for reconsideration are governed by Federal Rule of Civil Procedure 60(b), which provides that "the court may relieve a party . . . from a[n] . . . order" for six reasons, including mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b). "The standard for granting [a motion for reconsideration] is strict," *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995), and such motions are generally denied unless the moving party can point to "controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court," *Cioce v. City of*

*Westchester*, 128 F. App'x 181, 185 (2d Cir. 2005) (summary order) (quotation marks omitted). To prevail on a motion for reconsideration, the movant must bring evidence of (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or protect manifest injustice. *Indem. Ins. Co. of N. Am. v. Expeditors Int'l of Washington, Inc.*, No. 17-CV-2575, 2020 WL 1643892, at *1 (S.D.N.Y. Apr. 2, 2020).

**III. Discussion**

Xie argues that the August 17, 2026 opinion and order should be amended for three reasons: (1) whether Bluestone was fired for cause turns on materially disputed facts that require an evidentiary hearing, which the Court never ordered, (2) the opinion did not address Xie's allegations related to the "unauthorized dismissal" of the case and Bluestone's purported failure to turn over her case file following his termination, and (3) Bluestone's refusal to seek a further extension of the deadline to reopen the case was not futile, and therefore not excusable, because defense counsel sought and received an extension of the same deadline shortly after Bluestone was fired. (*See* Mem. at 3-4.) None of these arguments, however, amounts to "clear error" or "manifest injustice" such that a different ruling is warranted.[1] *Indem. Ins. Co. of N. Am.*, 2020 WL 1643892, at *1.

First, though it is true that "[g]enerally, a hearing is required to determine if an attorney was discharged for cause," courts also "routinely decline to hold such a hearing" "when presented with detailed submissions." *El Nabi v. City of New York*, 779 F. Supp. 3d 428, 436 (S.D.N.Y. 2025) (quotation marks omitted); *see also Ramgoolie v. Ramgoolie*, No. 16-CV-3345, 2020 WL 6135056, at *2 (S.D.N.Y. Oct. 16, 2020) ("Courts in this Circuit routinely assess

---

[1] Xie does not argue that there has been an intervening change in law or that new evidence is now available. (*See generally* Mem.; Reply.)

charging liens without holding hearings."). Here, the Court is "familiar with the facts of the underlying matter, the charging lien dispute, and has received detailed submissions on this matter." *El Nabi*, 779 F. Supp. 3d at 436. Indeed, Xie and Bluestone briefed the issue of the charging lien across nine filings, which included affidavits and exhibits, each of which the Court carefully reviewed before issuing its order. (*See* ECF Nos. 68, 69, 72, 73, 74, 83, 84, 87, 91.) And the Court is intimately familiar with the issues in dispute, as they were discussed in numerous telephone conferences with the Court over the past several years. Xie relies on the Court's comment at a conference on September 8, 2021 that it "[did not] know that [it could] resolve the issues of whether the termination was for cause or not for cause without an evidentiary hearing" as evincing the need for such a hearing. (*See* Mem. at 3; ECF No. 78 at 3.)[2] But this tentative comment, which was made before the parties filed a slew of additional submissions as to the charging lien issue, did not commit the Court to an evidentiary hearing prior to adjudicating the claim. Because the parties have extensively briefed the charging lien issue, the Court concludes that no evidentiary hearing was necessary.

Second, Xie faults the Court for not specifically addressing her arguments that Bluestone was dismissed for cause because (1) he caused an "unauthorized dismissal" of the case and (2) he refused to turn over her case files for several months after he was discharged. (Mem. at 8-12.) Xie also argues that the Court erred by not citing specific cases in its decision. (Reply at 2.) But "this Court is not obligated to cite and discuss every case offered in support of a party's case; and, importantly, when the Court does not cite to a case in a decision, this does not mean that the

[2] Xie also argues that Bluestone's erroneous statement at the September 8, 2021 conference that Xie had "sent [him] a signed release" led the Court to incorrectly provisionally rule that Bluestone was "asserting what is probably a valid charging lien." (ECF No. 78 at 5; Reply at 4.) But the Court's disposition of the charging lien issue in its August 17, 2026 opinion and order did not rely on its earlier provisional ruling; Xie thus points to no error in the operative decision.

Court did not consider it." *Palmer v. Cora Italian Specialties, Inc.*, No. 20-CV-398, 2025 WL 269791, at *3 (N.D.N.Y. Jan. 22, 2025); *see also Henry v. Wyeth Pharms., Inc.*, No. 05-CV-8106, 2007 WL 4526525, at *6 (S.D.N.Y. Dec. 19, 2007) ("[A] court is not required to recite in its written opinion every fact and argument in the record before it."). Moreover, "[a] motion for reconsideration . . . is not meant to be an opportunity for the movant to relitigate old issues or take a second bite at the apple." *In re OpenAI, Inc., Copyright Infringement Litig.*, No. 25-MD-3143, 2025 WL 3468036, at *3 (S.D.N.Y. Dec. 2, 2025) (quotation marks omitted).

In any event, Xie is incorrect that Bluestone "improperly filed [a] motion . . . without Plaintiff's consent which resulted [in] the court['s] dismissal of the case." (Mem. at 9 (quotation marks omitted).) On January 25, 2021, Bluestone filed a letter accurately notifying the Court that a settlement in principle had been reached (ECF No. 45), after which the Court issued a 30-day order terminating the case without prejudice to reopening upon either party's application (ECF No. 47). Bluestone's letter, which merely provided the Court with an update as to the status of settlement negotiations, was not a motion to close the case, and the 30-day order of which Xie complains was issued by the Court *sua sponte* as a case management tool. None of these facts demonstrate attorney misconduct on the part of Bluestone. Nor does Xie's allegation that Bluestone refused to hand over her case files between May 6, 2021 (the date of Bluestone's discharge) and December 12, 2021 salvage her argument. (Mem. at 10-12; Reply at 5-6; ECF No. 87 at 1-2.) Even taking this contested allegation as true,[3] Bluestone's delay in returning Xie's case files post-dates his termination, and therefore cannot provide a *post hoc* justification for his firing. Xie relies on *Williams v. Hertz Corporation*, but that case merely directs the outgoing attorney to turn over his client's case files; it does not decide the charging lien at issue,

[3] Bluestone categorically denies this accusation. (*See* ECF No. 91-1 ¶ 5.)

let alone on the basis of the attorney's delay in transferring the files. *See* 75 A.D.2d 766, 766-67 (1st Dep't 1980).

Third, and finally, Xie argues that Bluestone's refusal to seek another extension to restore the case was not futile, and therefore not excusable, because defense counsel subsequently sought and received an extension of the same deadline. (Mem. at 12.) Again, Xie improperly uses a motion for reconsideration "as a substitute for [an] appeal," rather than pointing to a discernible error in the Court's ruling. *In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*, 593 F. Supp. 2d 549, 566 (S.D.N.Y. 2008) (quotation marks omitted). Xie's argument also misapprehends the Court's opinion. The Court concluded that Bluestone was reasonable in thinking that the requested extension was unlikely to lead to a finalized settlement agreement, given Xie's insistence on new and increasingly broad settlement language, not that Bluestone was reasonable in thinking that the requested extension was unlikely to be granted. (*See* ECF No. 197 at 15-16.) Put differently, Bluestone's refusal to apply for another extension of the deadline was justifiable because he had reason to think that the extension, even if granted, would not lead to progress in the parties' settlement discussions. *See Diallo v. United States*, No. 12-CV-3310, 2014 WL 4460364, at *5 (S.D.N.Y. Sep. 10, 2014) ("[A]ttorneys are not expected to do that which is futile." (quotation marks omitted)). Indeed, Bluestone's assessment was ultimately borne out: Settlement negotiations did eventually collapse over Xie's proposed changes to the settlement language. *See Xie*, 632 F. Supp. 3d at 266-67.[4]

---

[4] Separately, Xie contends that—contrary to the Court's opinion—she in fact first raised allegations of coercion five months, and not eight months, after the initial settlement in principle was reached. (Mem. at 8; Reply at 5.) Even accepting that Xie's conclusory reference to Bluestone's "repetitive coercions and threats" in her June 11, 2021 filing qualified as meaningfully raising these issues, however, this discrepancy does not change the Court's conclusion that these allegations, which are unsupported by the record, are difficult to credit. (*Cf.* ECF No. 78 at 8-9 (concluding that Xie's newly raised concerns with the settlement,

To be sure, Xie is correct that Bluestone missed the deadline to reopen the case by two days; nor does Bluestone appear to outline in his email exchanges with Xie, at least before he was discharged, any alternatives to seeking an extension that would avoid the possibility of the case's permanent closure. (*See* ECF No. 68 at 7-12.) Nonetheless, as the Court made clear at a subsequent conference, Bluestone's failure to timely move for an extension resulted in "no prejudice to [Xie]" because the Court had closed the case only administratively. (ECF No. 78 at 4.) On this record, Xie has not met her burden to demonstrate that "there has been a significant breach of legal duty," such that denial of a charging lien is warranted. *Allstate Ins. Co. v. Nandi*, 258 F. Supp. 2d 309, 312 (S.D.N.Y. 2003); *see also Koeth v. Koeth*, No. 008/015, 2002 WL 523109, at *15 (N.Y. Sup. Ct. Mar. 22, 2002) ("Without objective facts demonstrating that the strategic choices made . . . fell below those which could be characterized as an exercise of professional judgment, the discharge is not for cause.").

## IV. Conclusion

For the foregoing reasons, Xie's motion for reconsideration is DENIED. The Clerk of Court is directed to close the motion at Docket Number 199. Xie is directed to file a response, if any, to Bluestone's fee application within fourteen days of the date of this Order.

SO ORDERED.

Dated: September 22, 2026
New York, New York

J. PAUL OETKEN
United States District Judge

---

including allegations of coercion, "are lacking in credibility" and finding it "disturbing that [Xie] [was] saying some of these things in a sworn document when they are so lacking in credibility").)